UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARSLAN CHARYEV6 and SELBI CHARYEVA6,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, et al.,<br><br>                    Defendants. | CASE NO. 2:24-cv-00119-LK<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO SEAL NUNC PRO TUNC |

This matter comes before the Court on Plaintiffs' Non-Opposed Administrative Motion for Leave to Proceed Under Pseudonyms and to Seal Nunc Pro Tunc. Dkt. No. 9.[1] Plaintiffs seek to proceed under the pseudonyms "Arslan Charyev6" and "Selbi Charyeva6," to amend the docket accordingly, and to seal certain other filings. Dkt. No. 9 at 2. Plaintiffs represent that Defendants do not oppose this motion. *Id.* For the reasons stated below, the Court grants Plaintiffs' motion in part and requests supplemental briefing.

---

[1] Plaintiffs' motion violates the requirement that argument in support of a motion "not be made in a separate document but shall be submitted as part of the motion itself." LCR 7(b). Future noncompliant motions may be summarily denied.

# I.    BACKGROUND

Plaintiffs initiated this action in January 2024, seeking, among other things, to compel United States Citizenship and Immigration Services to adjudicate their pending asylum applications. *See generally* Dkt. Nos. 1, 7. Plaintiffs, who are nationals of Turkmenistan, now move to proceed under the pseudonyms "Arslan Charyev6 and Selbi Charyeva6" and to seal certain docket filings. Dkt. No. 9 at 2; Dkt. No. 9-2 at 1; *see* Dkt. No. 9-1 at 2. They claim that if their identities and participation in this lawsuit continue to be public, they will face "an increased risk of persecution and other harm[.]" Dkt. No. 9 at 2. This is because "proceeding under their real names will expose them to [the] risk of Turkmenistan state persecution in the United States, in that the mere filing of such an application could be considered traitorous, subject[]ing them to sentences of 7-25 years." *Id.* at 3; *see also* Dkt. No. 9-1 at 2 ("[I]f the case materials become public, we risk being exposed to Turkmenistan agents. If our materials become public and exposed, it can become dangerous to our family and extended family who still live in Turkmenistan.").

Defendants have not yet answered or otherwise responded to Plaintiffs' operative pleading, and do not oppose this motion. Dkt. No. 9 at 2.[2]

# II.    DISCUSSION

## A.    Legal Standards

### 1.    Proceeding Under Pseudonyms

Federal Rule of Civil Procedure 10 requires that every complaint include the name of all parties. Fed. R. Civ. P. 10(a). Thus, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042

---

[2] Plaintiffs note that a similar motion was recently granted in *Selbi Charyeva3 et al. v. Mayorkas et al.*, No. 2:23-cv-01977-RAJ, Dkt. No. 11 (W.D. Wash. May 2, 2024). Dkt. No. 9 at 10. They also state that if this motion is granted, they anticipate filing a second amended complaint, seeking a dispositive cross-motions deadline of June 3, 2024, and also filing a motion to consolidate. *Id.* The Court will address any subsequent motions or filings at the appropriate juncture.

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO SEAL NUNC PRO TUNC - 2

(9th Cir. 2010). However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," including where "nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up). Courts generally allow a party to proceed anonymously in three circumstances: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (cleaned up). The Ninth Circuit has instructed district courts to weigh several factors when determining the need for anonymity to shield the anonymous party from retaliation, including: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice at each stage of the proceedings to the opposing party and whether proceedings may be structured so as to mitigate that prejudice; and (5) whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.*

    2. <u>Sealing</u>

    Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, its starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* There is also an exception to this general

1   presumption of access when the documents are only tangentially related to the merits. In that case,

2   the party seeking to seal the records need only show "good cause." *Ctr. for Auto Safety v. Chrysler*

3   *Grp., LLC*, 809 F.3d 1092, 1097–1101 (9th Cir. 2016); *see also Pintos v. Pac. Creditors Ass'n*,

4   605 F.3d 665, 677–78 (9th Cir. 2010) (discussing the two standards governing motions to seal

5   documents).

6           Additionally, in the Western District of Washington, parties moving to seal documents

7   must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party

8   who designates a document confidential must provide a "specific statement of the applicable legal

9   standard and the reasons for keeping a document under seal, including an explanation of: (i) the

10  legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if

11  the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not

12  sufficient." LCR 5(g)(3)(B). And a motion to seal must include a "certification that the party has

13  met and conferred with all other parties in an attempt to reach agreement on the need to file the

14  document under seal, to minimize the amount of material filed under seal, and to explore redaction

15  and other alternatives to filing under seal[.]" LCR 5(g)(3)(A).

16  **B.      Plaintiffs May Proceed Under Pseudonyms**

17          Plaintiffs argue that their need for anonymity in this case outweighs any possible prejudice

18  to Defendants or the public's interest. Dkt. No. 9 at 5–10; *see also id.* at 4 (claiming that Plaintiffs'

19  need for anonymity "is greater than what the almost universal online protection the U.S. District

20  Courts provide, and the prejudice to defendants and the threat to the public interest in knowing the

21  plaintiffs' names are minimal."). Plaintiffs also note that the pseudonyms they propose are

22  "common Turkmenistan names" and thus "telegraph that this is a Turkman case and may involve

23  an issue affecting more than one Turkman," appropriately balancing their privacy interests and the

24  public's ability "to know the nature of this complaint against the defendants." *Id.* at 9.

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS
AND TO SEAL NUNC PRO TUNC - 4

The record is somewhat sparse, and the merits of Plaintiffs' request is substantially weakened by the fact that over three months passed between their initiation of this action using their real names and their motion to proceed under pseudonyms. *See* Dkt. Nos. 1, 9. However, the facts precipitating the motion suggest that Plaintiffs' delay is attributable to their counsel and not to them individually. *See* Dkt. No. 9 at 10.[3] Thus, the Court disregards the delay in considering this portion of Plaintiffs' motion.

Given the facts of this case and the certified statement of Plaintiffs, the Court finds that identification creates a risk of retaliatory physical or mental harm, and that pseudonymity is warranted. *See Poozesh v. Pompeo*, No. 1:19-CV-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) ("[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." (citing *Does I thru XXIII*, 214 F.3d at 1063, 1065, 1071)). Furthermore, at this stage in the litigation, and based on the Court's review of the severity of the harm, the reasonableness of the Plaintiffs' fears, Plaintiffs' vulnerabilities, the apparent lack of prejudice to the Defendants given their statement of non-opposition, and the public interest, the Court finds that Plaintiffs' need for anonymity in this case outweighs the countervailing considerations. *See Doe v. U.S. Citizenship and Immigr. Servs.*, No. 1:21-CV-00576-SAB, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021). The Court may revisit the issue at a later stage of the proceedings if Defendants so move. *See G.M.T. v. Mayorkas*, No. C24-0344-JLR, 2024 WL 1859857, at *2 (W.D. Wash. Apr. 29, 2024).

---

[3] The Court cautions that it may not reach the same conclusion in other matters involving similar delays in requesting pseudonymity.

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO SEAL NUNC PRO TUNC - 5

**C.      Plaintiffs' Nunc Pro Tunc Sealing Request is Provisionally Granted Contingent Upon Plaintiffs' Compliance with Applicable Law**

With respect to Plaintiffs' request to seal certain docket entries nunc pro tunc, the Court provisionally grants this element of Plaintiffs' motion contingent on Plaintiffs' compliance with applicable law regarding sealing. Plaintiffs did not comply with Local Civil Rule 5(g), nor did they address the standards for sealing filings in their motion. *See Ctr. for Auto Safety*, 809 F.3d at 1098–1102. Plaintiffs must submit supplemental briefing satisfying applicable law as directed below.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' motion is GRANTED IN PART. Dkt. No. 9. The parties shall refer to Plaintiffs by the pseudonyms "Selbi Charyeva6" and "Arslan Charyev6" in all future filings and public proceedings in this matter. The Clerk of Court is directed to amend the caption so that references to Plaintiffs' names are replaced with the above pseudonyms. The Court instructs the Clerk to Seal Docket Numbers 1 and 4–9, as well as the corresponding attachments.

No later than June 5, 2024, Plaintiffs shall file supplemental briefing that complies with applicable law regarding sealing, including but not limited to identifying what content they seek to seal or redact, providing adequate justification for sealing under the relevant standards, and attaching redacted versions of the documents they wish to redact. Defendants may file a response by June 11, 2024. If the Court does not receive timely supplemental briefing from Plaintiffs, it will unseal Docket Numbers 1 and 4–9, as well as the corresponding attachments.

Dated this 22nd day of May, 2024.

Lauren King
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO SEAL NUNC PRO TUNC - 6